# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (SHERMAN DIVISION)

| | | |
|---|---|---|
| In re: | § § § | CASE NO. 24-41493 |
| In re:<br>JOHN T. STROH | § § § § § | Chapter 7 |
| Debtor. | § § | |
| ANNA MARIE STROH., | § § § | Adversary No.: 24-_____ |
| Plaintiff, | § § § | |
| v. | § § | |
| JOHN T. STROH | § § § | |
| Defendant. | § § § | |

**PLAINTIFF ANNA MARIE STROH'S ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO SECTION 523**

COMES NOW Anna Marie Stroh ("Plaintiff") and files her *Original Complaint to Determine Dischargeability of Debt Pursuant to Section 523* (the "Complaint") complaining of John T. Stroh (the "Defendant"). In support of this Complaint, Plaintiff would respectfully show as follows:

### I.  PARTIES

1.  Plaintiff Anna Marie Stroh is an individual and resident of the State of Texas.

2.  Defendant John Stroh is an individual and resident of the State of Texas and may be served process at his place of residence located at 4849 Glen Heather Drive, Frisco, Teas 75034.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i) and (j) because the relief requested in the Complaint directly impacts objections to the dischargeability of debts.

5. Venue is proper in Eastern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant resides in the Eastern District of Texas, and a number of the acts or omissions giving rise to the claims set forth herein occurred in the Eastern District of Texas.

## III. FACTUAL BACKGROUND

### Decree in Effect

6. Plaintiff and Defendant were previously married. While married, Plaintiff and Defendant owned the real property located at 5533 Beacon Hill Drive, Frisco, Texas 75036 (the "Property"). On December 20, 2021, this Court rendered a decree providing, in part, as follows:[1]

> **5. AGREEMENT OF PARTIES**
>
> The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Agreed Final Decree of Divorce.
>
> The agreements in this Agreed Final Decree of Divorce were reached through informal settlement negotiations between the parties. This Agreed Final Decree of Divorce is stipulated to represent a merger of all previous communication of the parties regarding the settlement of this matter. To the extent there exist any differences between the previous communications of the parties and this Agreed Final Decree of Divorce, this Agreed Final Decree of Divorce shall control in all instances.

---

[1] A true and correct copy of the divorce decree (the "Divorce Decree"), with appropriate redactions, is attached hereto as Exhibit A and incorporated herein as if fully set forth.

## 17. DIVISION OF MARITAL ESTATE

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

### 17.1. Property Awarded to Respondent

**IT IS ORDERED AND DECREED** that Respondent, John Stroh, is awarded the following as Petitioner's sole and separate property, and Petitioner, Anna Marie Stroh, is divested of all right, title, interest, and claim in and to that property:

12. 100% of the following real property, subject to the conditions of 16.5. below, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener, warranties and service contracts, and title and closing documents:

    STONE CREEK VILLAGE PH 1 BLK 33 LOT 12, Denton County Texas.

    Such property is also more commonly known as 5533 Beacon Hill Drive, Frisco TX 75036. It is AGREED by the parties that Anna Marie Stroh shall have the exclusive right to continue to occupy the residence located at 5533 Beacon Hill Drive, Frisco TX 75036 until August 31, 2022. It is AGREED that John Stroh shall be responsible for all utilities, taxes, mortgage payments, and maintenance costs to keep the property in it's present condition up to $8,000 per month. If the monthly total for all utilities, taxes, mortgage payments, and maintenance costs to keep the property in its present condition is less than $8,000, the Respondent shall pay the difference to the Petitioner on or before the fifth day of the following month, via Zelle.

> **17.5. Sale of Residence Located at 5533 Beacon Hill Drive, Frisco TX 75036**
>
> IT IS FURTHER ORDERED AND DECREED that if Anna Marie Stroh makes a written demand to John Stroh sell the property located at 5533 Beacon Hill Drive, Frisco TX 75036 prior to August 31, 2022, then property and all improvements, located at 5533 Beacon Hill Drive, Frisco TX 75036, shall be sold under the following terms and conditions:
>
> 1. The house shall be listed for sale with a duly licensed real estate agent that is mutual agreeable to the parties within 30 days of the demand for sale being received.
>
> 2. The house is to be listed for sale at a price mutually agreeable to the parties.
>
> 3. Respondent shall be responsible, for the mortgage, utilities, taxes, repairs, lawn service, and other necessary expenses to maintain the property in its current condition.
>
> 4. The house to be sold at a price mutually agreeable to the parties.
>
> 5. Neither party shall cause any lien or encumbrances to be placed upon said property, save and except upon the written agreement of both parties.
>
> 6. The net sales proceeds (defined as the gross sales price less cost of sale and full payment of any mortgage indebtedness or liens on the property) shall be distributed in numerical order directly provided as follows:
>
>    A. IT IS ORDERED that John Stroh shall receive the first $275,000.00 of sale proceeds; and
>
>    B. IT IS ORDERED that Anna Marie Stroh shall receive 100% of all remaining sale proceeds after the award of John Stroh's share of the sale proceeds.
>
> It is expressly acknowledged and agreed that if Anna Marie Stroh should fail to make a written demand to sell the property prior to August 31, 2022, John Stroh shall be under no obligation to sell the property and Anna Marie Stroh shall have no rights to any sale proceeds resulting from the sale of the property.

7. Plaintiff and Defendant are tenants in common as to the Property. Plaintiff did not convey her interest in the Property to Defendant and retains a legal and/or equitable interest in the Property.

## Lease Agreement

8. Shortly before August 31, 2022, Defendant suggested to Plaintiff that Plaintiff should rent the Property from Defendant through 2026, to avoid the stress and disruption to Plaintiff and their teenage daughter, Kelsey, of relocating to a new house, which could require Kelsey to attend a different high school. Defendant represented, promised and assured Plaintiff

that the Property would be sold after Kelsey graduated high school in 2026. Defendant further represented, promised and assured Plaintiff that Plaintiff would receive full payment of the same amount or more net sale proceeds, as reflected in the Divorce Decree, from the sale of the Property. Additionally, Defendant represented, promised and assured Plaintiff that Defendant would pay no less than the majority of the Property's utilities during the term of the lease agreement through 2026.

9. On or about August 20, 2022, Plaintiff and Defendant executed a written Residential Lease in connection with the Property (the "Lease Agreement").[2] The term of the Lease is September 1, 2022 through May 31, 2026 and Plaintiff agreed to pay a monthly rental amount of $3,000.00. Defendant drafted and authored the Lease Agreement. The Lease Agreement specifically prohibited the sale of the Property during the term of the Lease Agreement "unless due to a financial hardship" without the prior written agreement of Plaintiff. Defendant further agreed in the Lease Agreement to pay the Property's utilities up to the amount of $4,000.00 per month. Such amount covered more than the Property's current and anticipated utilities, as Defendant specifically included pool service, Netflix, Spotify, Hulu and Disney + in the amount.

Defendant Attempted to Attempt
to Sell and Evict Plaintiff from Property Prior to Lease Expiration

10. Less than one year after executing the Lease Agreement, on or about August 15, 2023, Defendant notified Plaintiff that Defendant intended to sell the Property before November 2023. Defendant further notified Plaintiff that Defendant solicited an offer to purchase the Property from Mark Spain Real Estate and scheduled an inspection of the Property.

11. On or about August 25, 2023, Defendant performed an inspection of the Property

---

[2] A true and correct copy of the Lease Agreement is attached hereto as Exhibit B and incorporated herein as if fully set forth.

with Mark Spain Real Estate. After the inspection, Defendant provided Plaintiff with a sales proceeds itemization for the sale of the Property. Contrary to Defendant's representations, promises and assurances prior to executing the Lease Agreement, the itemization reflects that Plaintiff would not receive the same amount or more net proceeds, as reflected in the Divorce Decree, from the sale of the Property. Defendant has saddled the Property with a debt amount that prevents Plaintiff from receiving the same amount or more net proceeds, as reflected in the Divorce Decree, from the sale of the Property.

12. Accordingly, Plaintiff objected and refused to consent to the sale of the Property to Mark Spain Real Estate, particularly in light of the Lease Agreement and Plaintiff's occupancy at the Property. Nevertheless, on or about December 22, 2023, Defendant executed a real estate contract to sell the Property to an affiliate of Mark Spain Real Estate for all cash price of $1,047,200.00.[3] The closing date for the sale of the Property was February 1, 2024.

13. Knowing that Plaintiff would not move before the expiration of the Lease Agreement, if at all, Defendant then followed through with his previous threats to attempt to evict Plaintiff and his children by filing an eviction lawsuit on January 17, 2024.[4] The eviction trial was set for January 31, 2024, one day before the closing date on the sale of the Property.

### After Losing the Eviction Trial, Defendant Knowingly Let the Property Fail into Significant Disrepair To Constructively Evict

14. Undeterred when the justice of the peace refused to grant an eviction judgment, Defendant chose a different path to attempt to force Plaintiff and Defendant's children out of the Property. Defendant stopped making all necessary and appropriate payments to Plaintiff pursuant

---

[3] A true and correct copy of the real estate contract is attached hereto as Exhibit C and incorporated herein as if fully set forth.
[4] A true and correct copy of the eviction petition is attached hereto as Exhibit D and incorporated herein as if fully set forth.

to the Divorce Decree. Moreover, Defendant misappropriated insurance funds earmarked for repairs to the Property and refused to make other necessary repairs. As a result of Defendant's misappropriation of funds and intentional refusal to make and/or cause to be made repairs to the Property, the Property has fallen into significant disrepair. There is water damage to the Property and the HVAC system requires significant repairs.

15. It has become abundantly clear that Defendant fraudulently induced Plaintiff into executing the Lease Agreement and Defendant never intended to honor and perform the Lease Agreement. Defendant's actions were done to extract as much money as possible from the Property's equity to Plaintiff's detriment and in circumvention of the Divorce Decree. Defendant continues to work to evict Plaintiff and his children from the Property.

16. Due to the wrongful conduct of Defendant, Plaintiff files this complaint for a determination of dischargeable, an award of all damages related to the ongoing improper conduct of Defendant and partition of the Property.

IV. CAUSES OF ACTION

COUNT 1 – EMBEZZLEMENT – 523(A)(4) – DETERMINATION OF NON-DISCHARGEABILITY

17. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full.

18. Defendant had control of the insurance proceeds as an insured on an insurance policy covering the Property. Despite the obligation to use the proceeds to repair the Property, Defendant knowingly and intentionally appropriated the funds for personal use and/or benefit and to the detriment of Plaintiff as a co-insured.

19. Defendant transferred the funds knowing it was improper and refused to release the funds when confronted by Plaintiff. The misappropriation of the funds caused Plaintiff to lose

those funds, which rightfully belong to Plaintiff in part.

20. Defendant has committed embezzlement as described in 11 U.S.C. § 523(a)(4). As a result, Plaintiff has been damaged in an amount not less than $31,505.10, which amount Plaintiff seeks judgment on and determination that such judgment is non-dischargeable.

### COUNT 2 –WILLFUL/MALICIOUS INJURY – 523(A)(6) – DETERMINATION OF NON-DISCHARGEABILITY

21. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full.

22. By fraudulent misrepresentations and/or omissions as alleged herein, Defendant has committed a willful and malicious injury to Plaintiff. Defendant willfully and maliciously perpetrated the acts set forth in this complaint, which include but are not limited to intentionally failing to disclose material facts and/or making representations and promises including regarding the intention to fulfil the lease agreement and Plaintiff's ability to obtain proceeds from the sale of the Property.

23. Defendant has committed willful and malicious injury to Plaintiff or her property within the meaning of 11 U.S.C. § 523(a)(6). As a result, Plaintiff has been damaged in an amount not less than $200,000.00, which amount Plaintiff seeks judgment on and determination that such judgment is non-dischargeable.

### COUNT 3 –FRAUD – 523(A)(2) – DETERMINATION OF NON-DISCHARGEABILITY

24. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full.

25. Defendant owes Plaintiff a debt for money, property and/or services that Defendant obtained by false pretense, a false representation and/or actual fraud.

26. Defendant induced Plaintiff to execute the Divorce Decree and Lease Agreement

by false pretenses, false representations, fraudulent omissions and/or actual fraud. Defendant used the transactions herein as a sham to fund Defendant's lavish lifestyle of vacations, sporting events, fine dining and other luxuries while simultaneously filing bankruptcy and refusing to repair the Property and attempting to evict Plaintiff in an attempt to avoid paying Plaintiff any proceeds from the sale of the Property and leaving her and Defendant's children homeless.

27. Defendant has committed fraud as described in 11 U.S.C. § 523(a)(2)(A). As a result, Plaintiff has been damaged in an amount not less than $200,000.00, which amount Plaintiff seeks judgment on and determination that such judgment is non-dischargeable.

### COUNT 4 – PARTITION

28. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full.

29. The Property was community property but was not divided in the Agreed Final Divorce Decree. As a result, Plaintiff and Defendant are joint owners of the Property.

30. Plaintiff asks the Court to divide the Property in a manner that the Court deems just and right, having due regard for the rights of each party and their children.

### V. ATTORNEYS' FEES

31. Plaintiff seeks recovery of her reasonable and necessary attorney's fees from Defendant. *See In re Christian,* 111 B.R. 118, 122 (Bankr. W.D. Tex. 1989) ("Simply put, if the claims against the defendant in the present case are determined to be nondischargeable, the attorneys' fees are also nondischargeable.")

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon a trial on the merits that the Court award her:

(1) Judgment in an amount not less than $200,00.00;

(2) Judgment for the damages be determined to be nondischargeable pursuant to sections 523(a)(2), (4) and (6) of the Bankruptcy Code;

(3) Judgment for exemplary damages;

(4) Judgment for pre and post judgment interest;

(5) Judgment for attorneys' fees;

(6) Judgment for costs; and,

(7) Plaintiff be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

*/s/ Carlisle A. Braun*
Carlisle A. Braun
Texas Bar No. 24058818
Regina Schneider
State Bar No. 24120662
**BRAUN LAW GROUP, PLLC**
7300 Highway 121, Suite 300
McKinney, Texas 75070
Telephone: (214) 965-7999
Facsimile: (469) 398-3301
Email: filings@braunlawgrp.com

***Attorneys for Plaintiff***