IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOHN T. STROH, | § | CASE NO. 24-41493 |
| | § | (Chapter 7) |
| DEBTOR | § | |
| ANNA MARIE STROH | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | ADV. NO. 24-04072 |
| | § | |
| JOHN T. STROH | § | |
|     Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 7012 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

**14-Day Negative Notice**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE JOSHUA P. SEARCY, U.S. BANKRUPTCY JUDGE:**

      Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure applicable to this proceeding under Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Defendant, John T. Stroh ("Debtor" or "Defendant'") moves to dismiss causes of action 4 and 5 of Plaintiff Anna Marie Stroh's Original Complaint to Determine Dischargeability of Debt Pursuant to Section 523 ("Complaint") as follows:

## Jurisdiction

1.      Counts 1, 2, 3 and 5 of the Complaint involve matters which are core proceedings under 28 U.S.C. § 157(b)(2). However, Count 4 of the Complaint (Partition) is a matter which is not a core proceeding under 28 U.S.C. §157(b)(2).[1] Defendant does not consent to the entry of a final order or judgment on Count 4 of the Complaint.

## Facts

2.      On December 20, 2021, an Agreed Final Decree of Divorce was entered by the 442nd Judicial District Court of Denton County, Texas in Cause No. 21-5527-442 styled *the Matter of the Marriage of Anna Marie Stroh and John Stroh and in the Interests of K.M.S., a Child* (the "Divorce Decree").

3.      On June 26, 2024, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4.      On July 8, 2024, Debtor filed his Schedules and Statement of Financial Affairs. On Schedule C, entitled "The Property You Claim as Exempt" Debtor claimed a homestead exemption under the Texas Constitution and under the Texas Property Code for a house located at 5533 Beacon Hill, Frisco, Texas (the "Homestead").

5.      On July 26, 2024, Michelle H. Chow, the Chapter 7 Trustee ("Trustee"), held and concluded the meeting of creditors in the Debtor's bankruptcy case. Pursuant to Rule 4003(b) the deadline for a party in interest to object to the Debtor's exemptions was August 26, 2024. No objections to the Debtor's exemptions have been filed and the deadline to object to exemptions has expired and thus, by operation of law, the exempted Homestead has left the bankruptcy estate

---

[1] The Bankruptcy Court lacks subject matter jurisdiction under 28 U.S.C. §1334 to partition real property which has been exempted and is no longer property of the estate.

and has vested in the Debtor.[2]

6. On September 24, 2024, Anna Marie Stroh ("Plaintiff") filed her Complaint alleging that Debtor owed a nondischargeable debt to her, alleging that the Debtor's Homestead should be partitioned by the Bankruptcy Court and alleging that she is entitled to attorney's fees for pursuing a dischargeability action.

7. Debtor brings this Motion to dismiss Count 4 (Partition) and Count 5 (Attorney's Fees) of the Complaint pursuant to FED. R. BANKR. P. 7012(B) and FED. R. CIV. P. 12(b)(1) and (b)(6).

## Legal Standards

8. Federal Rule of Civil Procedure 12(b) applies to adversary proceedings in bankruptcy cases. Fed. R. Bank. P. 7012(b).

### A. Rule 12(b)(1) Subject Matter Jurisdiction

9. A party responding to an adversary complaint may move to dismiss the action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental, threshold question of whether a court is authorized to adjudicate a claim. Fed. R. Civ. P. 12(b)(1).

10. The plaintiff bears the burden to prove that subject matter jurisdiction exists. *Richmond, Fredricksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991). Plaintiff must prove subject matter jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.,* 567 F.3d 745, 748 (5th Cir. 2009).

---

[2] *See in re Scrivner,* 535 F.3d 1258, 1264 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 1613, 173 L.Ed. 2d 993 (2009) (If the debtor claims property as exempt and a party in interest does not object, that property is exempt from property of the estate); *see also, In re Bell,* 225 F.3d 203, 215 (2nd Cir. 2000) ("it is well-settled law that the effect of this self-executing exemption is to remove property from the estate and vest it in the debtor").

### B. Rule 12(b)(6) Failure to State a Claim for Which Relief May be Granted

11. To survive a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact." *Howe v. Yellowbook, USA,* 840 F. Supp. 2d 970,975 (N.D. Tex. 2011 (*citing Bell Atl. Corp. v. Tombly,* 550 U.S. 544, 570 (2007)). A claim is plausible on its fact "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.,* 729 F.3d 421, 423 (5th Cir. 2013). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Although the Court must accept all well plead facts as true and view them in light most favorable to plaintiff, it should not "accept as true conclusory allegations, unwarranted factual inferences or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La State,* 624 F.3d 201, 210 (5th Cir. 2010).

## ARGUMENT

### Count 4 (Partition) of the Complaint Must be Dismissed for Lack of Jurisdiction

12. As the Supreme Court has emphasized, "bankruptcy jurisdiction at its core, is *in rem.*" *Cent. Va Cmty. Coll. v. Katz,* 546 U.S. 356, 362 (2006). *In rem* jurisdiction is a court's jurisdiction to determine rights in property in the court's possession, known as the *res. Alderwoods Grp. Inc. Garcia,* 682 F.3d 958, 969 (11th Cir. 2012). Section 1334(e)(1) vests district courts with "exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of [the bankruptcy] case, and of property of the estate". 28 U.S.C. § 1334(e)(1). 28 U.S.C. § 157(a) then provides for the district court's referral of bankruptcy cases to the bankruptcy court courts.

13.     While the specific wording of 28 U.S.C. §1334(e)(1) includes all the debtor's property (exempt property) and property of the estate as of the commencement of the case, the statute's legislative history and case law clarifies that bankruptcy court's jurisdiction over exempt property extends only – to the extent necessary to set the exempt property aside. *In re Brown,* 521 B.R. 205, 216 (Bankr. S.D. Tex. 2014) *citing* H.R. Rep. No. 950595 at 368 (1978). Thus, a bankruptcy court's jurisdiction over an exempt asset is recognized only to the extent of determining what property qualifies as exempt and in setting that property aside. *In re Brown* at 217; *see also, Leiter v. Steinbach,* 184 F.2d 751, 753 (5th Cir. 1950) ("When an exemption is claimed and set apart its content is of no further concern to a bankruptcy court and is not subject to administration by the court").

14.     In the instant case, the bankruptcy court lacks subject matter jurisdiction under 28 U.S.C. § 1334 to partition the Homestead since the Homestead was exempted by the Debtor and is no longer property of the bankruptcy estate. *See Porretto v. The City of Galveston Park Board of Trustees,* 113 F.4th 469, 484 (5th Cir. 2024) (abandonment of property will end the court's jurisdiction to determine disputes concerning that property, unless the result of the dispute would have some effect on the bankruptcy case); *see also In re Skuna River Lumber, LLC,* 564 F.3d 353, 355 (5th Cir. 2009) (acknowledging the general rule that a bankruptcy court loses jurisdiction over assets once they are transferred from the bankruptcy estate).

15.     28 U.S.C. § 1334(e)(1) grants a federal court limited, exclusive *in rem* jurisdiction which cannot be exerted over property once it has left the bankruptcy estate. *See, e.g., In re Mitchell-Smith,* No. 21-57646-WLH, 2022 WL 2195466 at *3 (Bankr. N.D. Ga. June 17, 2022). Abandonment is an act of jurisdictional significance that removes the abandoned property from the bankruptcy court's exclusive *in rem* jurisdiction. *Id.* A bankruptcy court's *in rem* jurisdiction

pursuant to 28 U.S.C. §1334(e)(1) over property only lasts so long as that property remains in the estate; if the property leaves the estate, *in rem* jurisdiction lapses. *See In re Danley,* 552 B.R. 871, 883 (Bankr. M.D. Ala. 2016). Like abandoned property, exempt property leaves that bankruptcy estate and once it has exited the estate, is not subject to the jurisdiction of the bankruptcy court.

16. While the bankruptcy court will have exclusive jurisdiction over property of the debtor and property of the estate as of the time the debtor's bankruptcy petition is filed, events may take place during the case, such as the exemption of an asset, which will result in the bankruptcy court no longer having jurisdiction over such property. *Novak v. O'Neal*, 201 F.2d 227, 230 (5th Cir. 1953); *Leiter v. Steinbach*, 184 F.2d 751, 753 (5th Cir. 1950); *In re Brown*, 521 B.R. 205 (Bankr. S.D. Tex. 2024). Property that a debtor exempts from property of the estate is not subject to the jurisdiction of the bankruptcy court and vests in the debtor. *In re Bell,* 225 F.3d 203, 2016 (2nd Cir. 2000); *see also Novak*, 201 F.2d at 230 ("the title to the exemption remains with the bankrupt, just as it was before, unaffected by the bankruptcy").

17. Where a proceeding, like this one, does not address *in rem* issues over estate property, the proper focus for the jurisdictional analysis is 28 U.S.C. § 1334(b), which vests original, but not exclusive jurisdiction in a bankruptcy court arising under, arising in, and related to cases under title 11. *See In re Danley,* 552 B.R. at 883 (declining to apply 28 U.S.C. § 1334(e) and instead applying a jurisdictional analysis under 28 U.S.C. § 1334(b) on a case concerning property that was no longer part of the bankruptcy estate).

18. Section 1334(b) does not grant jurisdiction over proceedings that solely affect property which a debtor has exempted from the bankruptcy estate. *Turner v. Ermiger (In re Turner),* 724 F.2d 338 (2nd Cir. 1983); *In re Ostroff*, 433 B.R. 442, 449 (Bankr. D. Dist. Col. 2010). Under 28 U.S.C. § 1334(b) jurisdiction only exists where the outcome of a litigation can

conceivably affect the bankruptcy estate. *See Arnold v. Garlock,* 278 F.3d 426, 434 (5th Cir. 2001); *Bass v. Denney (In re Bass),* 171 F.3d 1016, 1022 (5th Cir. 1999). "To fall within the court's jurisdiction, the plaintiffs' claim must affect the estate, *not just the debtor."* In re Wood, 825, F.2d 90, 94 (5th Cir. 1987) (emphasis added); *see also In re Bass,* 171 F.3d at 1023 ("it is the relation of the dispute to the estate, and not of a party to the estate which establishes jurisdiction").

19. In the instant case, the bankruptcy trustee is not administering the Homestead to pay creditors because this asset is not part of the bankruptcy estate. The instant adversary proceeding will not increase or decrease the assets to be distributed in the Debtor's bankruptcy case. *See In re Bass,* 171 F.3d at 1013 (the fact no resulting recovery accrues to the bankruptcy estate eschews "related to" jurisdiction). If the Debtor's exempt Homestead was partitioned, the Debtor's partitioned portion will not become bankruptcy estate property as a result of the partition. Since the adversary proceeding does not affect the bankruptcy estate, it is not related to the bankruptcy case. *Id.* at 1022. Further, the partition action on the Debtor's Homestead does not arise under the statutes in the Bankruptcy Code and is not dependent on Defendant's bankruptcy case for its existence. Therefore, the partition action does not "arise under" or "arise in a case under" title 11. The partition action does not meet the requirements under 28 U.S.C. §1334(b) to obtain bankruptcy court jurisdiction.

20. For the forgoing reasons, Plaintiff's Count 4 should be dismissed under Rule 12(b)(1) of the Fed. Rules of Bankruptcy Procedure for lack of subject matter jurisdiction.

### Count 5 of the Complaint (Attorney's Fees) Must be Dismissed for Failure to State a Claim for Which Relief May be Granted

21. Defendant moves for the dismissal of Count 5 of the Complaint (Attorney's Fees) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal

Rules of Bankruptcy Procedure for failure to state a claim upon which relief can be granted. Rule 7012(b) of the Federal Rules of Bankruptcy Procedure makes Rule 12(b)(6) of the Federal Rules of Civil Procedure applicable to adversary proceedings in bankruptcy cases.

22. Neither Texas law nor the Bankruptcy Code allow for the recovery of attorney's fees by creditors in nondischargeability actions. *Poddar v. Hamza-Harris, In re Hamza-Harris,* 2021 W.L. 4256163 (Bankr. E.D. Tex. 2021). Thus, Plaintiff can only recover attorney's fees if such fees are "allowed by another statute or contract. *Schwertner Backhoe Servs. Inc., v. Kirk (In re Kirk,* 524 325, 330 (Bankr. W.D. Tex. 2015). The only relevant claims in the instant matter are claims under 11 U.S.C. §§§ 523(a)(2), (a)(4) and (a)(6), none of which allow for the recovery of attorney's fees. *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994). Furthermore, the American Rule is a "bedrock" principle of the adversarial system that dictates that "each litigant pay his own attorney's fees, win or lose…" *Baker Botts LLP v. ASARCO LLC,* 576 U.S. 121, 126 (2015). Thus, Plaintiff is not entitled to statutory or contractual recovery of attorney's fees and Count 5 of the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

23. Plaintiff cites *In re Christian,* 111 B.R. 118, 122(Bankr. W.D. Tex. 1989) as support for her allegation that she is entitled to recovery attorney's fees on her nondischargeability claims. The *Christian* case dealt with the issue of whether attorney's fees awarded as a part of a prior state court judgment were nondischargeable in a bankruptcy case if he underlying debt was nondischargeable. In that case Judge Leif Clark held that court ordered attorney's fees included in a judgment are nondischargeable if the debt upon which the attorney's fees was awarded is nondischargeable. In the instant case there is no prior state court award of attorney's fees and there

is no statutory or contractual basis to award attorney's fees for the nondischargeability claims asserted in the Complaint. Thus, Plaintiff has no basis to seek the award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court to dismiss Counts 4 and 5 of the Complaint and that Defendant be granted such other and further relief to which he is justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
Telephone: (214) 880-1805
cmoser@qslwm.com (Email)

By: */s/ Christopher J. Moser*
    Christopher J. Moser
    State Bar No. 14572500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, a true and correct copy of the foregoing Motion was served by email and by regular U.S. mail upon Carlisle A. Braun, Esq., Braun Law Group, PLLC, 7300 Highway 121, Suite 300, McKinney, Texas 75070.

*/s/ Christopher J. Moser*